UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

VILLARD T. BOGARD,

        Plaintiff,

v.

COUNTY OF ALLEGAN et al.,

        Defendants.

_____/

Case No. 2:17-cv-58

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Allegan County, Watts, Cronin, Kengis, State of Michigan, and the Michigan Department of Corrections for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the County of Allegan, Allegan County Clerk Joyce A. Watts, Attorney Kevin W. Cronin, Attorney Roberts A. Kengis, the State of Michigan, and the Michigan Department of Corrections (MDOC).

Plaintiff states that he is filing a "CRIMINAL COMPLAINT / SETTOFF AND COUNTERCLAIM / WITHIN THE ADMIRALTY" (ECF No. 1). Plaintiff alleges that he is currently being detained in a quasi-military foreign penal colony known as the Chippewa Correctional Facility. Plaintiff states that he sent a commercial letter of credit / tender of payment to Defendants on February 16, 2017. Plaintiff claims that by failing to respond, Defendants are in breach of their fiduciary duty and are liable for "the penal sum, with respect to a negotiable instrument." Plaintiff alleges:

> This action is against the Respondents/Defendants for unlawful taking of Plaintiff's life, liberty, and property. Acts that [have] caused an injury to the reputation of the plaintiff; in fact; which state law and federal laws give a remedy to any man pursuant and under United States Title 18 U.S.C. 241, 242; which states in part . . . under Michigan Constitution, Art. I, Sect. 13 "A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney."

*See* ECF No. 1, PageID.3.

As noted above, Plaintiff states that Defendants' conduct violated his rights under federal and state law. Plaintiff seeks damages and equitable relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Initially, the Court notes that Plaintiff's assertion that the Court has admiralty jurisdiction over this case has no merit.

> Whether this dispute falls within the scope of our jurisdiction under 28 U.S.C. § 1333(1) depends upon whether the underlying claims arise under a "maritime contract," which in turn "depends upon the nature and character of the contract, and the true criterion is whether

3

> [the contract] has reference to maritime service or maritime transactions." Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 24, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004) (quotation marks, citations, and editorial marks omitted).

*New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009). Plaintiff has not alleged any facts showing that his claims arise under a maritime contract.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff seeks to indirectly challenge his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing

standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

Finally, the Court notes that a dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th

Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Allegan County, Watts, Cronin, Kengis, State of Michigan, and the Michigan Department of Corrections will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order consistent with this Opinion will be entered.


Dated: October 18, 2017                                      /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE